371 A.2d 1016

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald A. DOWNIE.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided March 31, 1977.

20

Bert M. Goodman, Assistant District Attorney, Norristown, and Eric J. Cox, Assistant District Attorney, Conshohocken, for appellant.

Arthur L. Jenkins, Jr., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal by the Commonwealth from an order of the court below dismissing on its own initiative a complaint in which appellee is charged with driving an automobile while under the influence of alcoholic beverage.

On April 4, 1975, appellee was apprehended near the scene of an accident in which he was allegedly involved. At the time the officer arrived, appellee's car had been pulled to the side of the road, the engine left running and appellee was slumped over the wheel. Appellee's fifteen year old son was in the car with him. The officer was acquainted with appellee and knew him to be a resident of the community in which the encounter occurred. Appellee refused the officer's request to submit to a breathalyzer test and was generally both uncooperative and demonstrative in his responses to the officer. The officer threatened to arrest him for disorderly conduct, but did not do so when appellee quieted down. The officer locked appellee's car, drove him and his son home and advised him that he would receive a criminal complaint in the mail charging him with driving

while under the influence of alcoholic beverage: *Motor Vehicle Code*, 75 P.S. § 1037.

Such a criminal complaint was filed on April 7, 1975. Appellee was given a preliminary hearing on May 13, 1975, an indictment approved on July 7, 1975, and trial scheduled for January 14, 1976.

On January 14, 1976, immediately prior to the scheduled opening of the trial, the trial judge, while hearing a motion to suppress evidence, ruled on his own motion that the officer's treatment of appellee amounted to an arrest at the scene of the accident and that the complaint should be dismissed because appellee had not been taken before a magistrate for a hearing immediately following his arrest. The trial court construed an immediate hearing to be a requirement of § 1204 of the Motor Vehicle Code, 75 P.S. § 1204 when proceedings are initiated by an arrest. This section of the Code provides in part that—

"A peace officer may, upon view or upon probable cause without a warrant, arrest any person violating section 1037 of this act in cases causing or contributing to an accident."

It further provides that—

".  .  . in all cases of arrest such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, a complaint setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

In the view of the trial court, the complaint in this case was fatally defective because not issued immediately following arrest.

There are two errors in the lower court's position. The first is the conclusion that a complaint is fatally defective if not issued immediately following an arrest. That defect may be waived by the arrested party (Rule 150 of the Rules of Criminal Procedure) and, indeed, was waived in this case by the failure of appellee to raise the issue at the time of his preliminary hearing or at the suppression hearing.

See *Commonwealth v. Krall*, 452 Pa. 415, 304 A.2d 488 (1973). Consequently, the trial court should not have dismissed the complaint on its own motion.

■ The second difficulty with the action of the trial court is that § 1204 of the Motor Vehicle Code is not applicable because the officer did not in fact make an arrest and thereby trigger the obligation to file a complaint forthwith with a magistrate. While the officer threatened the appellee with arrest for disorderly conduct, the arrest was not made. The uncontradicted testimony of the officer is to the effect that he did not arrest appellee, but rather locked his car and drove him home (T.R. 7, 9). Inasmuch as the officer did not make an arrest, he was not required to file and serve a complaint forthwith.

The officer acted correctly under Rules 101 and 102 of the Rules of Criminal Procedure which permit the institution of a proceeding either by complaint or arrest depending upon circumstances there defined. Rule 102 does not require that the complaint in a non-arrest case be issued immediately after the accident. Consequently, the trial judge had no basis for dismissing the complaint.

■ Appellee makes the further contention that even if the trial court was in error in striking the complaint, its dismissal of the action should be sustained because of a failure of the trial court to bring the action to trial within the time limits of Section 1100 of the Rules of Criminal Procedure. This issue was not raised in the court below and cannot be raised for the first time in an appellate court. We are entitled to the benefit of the findings of the trial judge on the causes of delay before making a ruling as to its effect.

The Order of the Court below is reversed. The Complaint is re-instated and the case is remanded for further proceedings consistent with this Opinion.

SPAETH, J., concurs in the result of this Opinion.

HOFFMAN, J., files a concurring opinion, in which PRICE, J., joins.

HOFFMAN, Judge, concurring:

I concur in the result reached by the Majority. I do not read the Majority opinion to preclude the filing of a Rule 1100(f) petition by appellant prior to trial. See Pa.R.Crim.P. 1100; 19 P.S. Appendix.

PRICE, J., joins in this concurring opinion.