378 A.2d 462

**COMMONWEALTH of Pennsylvania**

v.

**John Albert LENNOX, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Oct. 6, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Milton O. Moss, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On January 23, 1975,[1] a criminal complaint was issued against the appellant charging him with assault,[2] indecent assault,[3] recklessly endangering another person,[4] and terroristic threats.[5] On this same date, a warrant was issued for the appellant's arrest. The appellant, however, remained at large until February 14, 1975, when he was arrested on the warrant. A preliminary hearing was held on February 28, 1975, and the appellant was indicted on May 14, 1975. On July 25, 1975, when he was called to trial, the appellant, pursuant to a plea bargain agreement with the prosecution, pleaded guilty to both assault charges. The remaining indictments were then dismissed, and the appellant was sentenced in accordance with the terms of the agreement.

1. Both parties to this appeal aver in their briefs before this Court that the instant complaint was issued on January 22, 1975. The complaint itself, however, is dated January 23, 1975.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 3126.

4. 18 Pa.C.S. § 2705.

5. 18 Pa.C.S. § 2706.

■ The appellant now contends that his plea was not voluntarily or intelligently made because he was not informed by counsel that he was entitled to be discharged since he was not tried within 180 days, as required by Pa.R.Crim.P. 1100(a)(2).[6] *See Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976). We find this contention to be without merit[7] and therefore affirm the judgment of sentence.

■■ Although the record clearly shows that 183 days passed from the date on which the complaint was issued until the date the guilty plea was accepted, this does not, by itself, establish that the appellant's right to a speedy trial under Rule 1100 was violated. Section (d)(1) of Rule 1100 provides that periods of delay may be excluded from the computation of the prescribed period if such periods of delay are caused by: "the unavailability of the defendant or his attorney." *See Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). All periods of delay beyond the mandatory period " '. . . must either be excluded from the computation [of the period, Pa.R.Crim.P. 1100 (d)] or justified by an order granting an extension pursuant to the terms of the rule, [Pa.R.Crim.P. 1100(c)], if the Commonwealth is to pre-

6. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

7. This appeal was not preceded by the filing of a petition for withdrawal of the guilty plea. Normally, we would therefore hold that the appellant is precluded from questioning on appeal the validity of the guilty plea. *See Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts, supra*, 237 Pa.Super. at 338, 352 A.2d at 141, *quoting Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d 749, 750 (1975). The imposition of sentence in the instant case, however, occurred on July 25, 1975, prior to our decision in *Roberts*. Moreover, the appellant's assertion of error is refuted by the record. Therefore, we will decide the merits of this case since ". . . no purpose would now be furthered by remanding to the court below." *Commonwealth v. Lee, supra*, 460 Pa. at 327, 333 A.2d at 750; *see also Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975).

vail.' " *Commonwealth v. Shelton, supra,* 469 Pa. at 14–15, 364 A.2d at 697, *quoting Commonwealth v. O'Shea,* 465 Pa. 491, 495, 350 A.2d 872, 874 (1976). Although the Commonwealth did not seek an extension of time for trial in the instant case, the record amply demonstrates that the appellant was at large from January 23 until February 14, and was therefore unavailable for trial under Rule 1100(d)(1) for a period of twenty-two days. If this period of twenty-two days is excluded from the computation of the mandatory period, it is apparent that the appellant's rights under Rule 1100 were not violated. Thus, appellant's claim for relief under Rule 1100 is of no arguable merit, *see Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), and appellant's counsel could not be deemed ineffective for failing to file a nugatory motion. *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973).

Judgment of Sentence is affirmed.

HOFFMAN, J., files a dissenting opinion in which CERCONE and SPAETH, JJ., join.

HOFFMAN, Judge dissenting:

I dissent for two reasons: first, the instant case is not properly before us; and second, I disagree with the Majority's analysis of the merits of appellant's Rule 1100 claim. Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix.

As noted by the Court, appellant was charged by a criminal complaint which was issued on January 23, 1975. When the court called appellant's case to trial on July 25, appellant elected to plead guilty to charges of assault,[1] and indecent assault.[2] The court imposed sentences of 129 days to 23 months on the charge of indecent assault and one years' probation on the assault charge. This appeal followed.

Appellant took the instant appeal without first petitioning to withdraw his guilty plea. We recently noted in *Common-*

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2701.

2. The Crimes Code, supra; 18 Pa.C.S. § 3126.

*wealth v. McCusker,* 245 Pa.Super. 402, 403, 369 A.2d 465, 466 (1976), "[i]n *Commonwealth v. Roberts,* [237 Pa.Super. 336, 352 A.2d 140 (1975)], this Court mandated strict compliance with the requirement that the appellant file a petition to withdraw. For appeals filed prior to the filing date of *Roberts,* December 1, 1975, this Court has generally remanded cases involving challenges to guilty pleas to permit appellants an opportunity to file a petition to withdraw." Because the instant appeal was filed before our decision in *Roberts,* I believe that the proper procedure is to remand the case to the lower court.

I dissent for a second reason: the Majority holds that appellant's plea was voluntary because his Rule 1100 claim has no arguable merit. The Court is able to conclude that appellant was tried expeditiously because ". . . the record amply demonstrates that the appellant was at large from January 23 until February 14, and was therefore unavailable for trial under Rule 1100(d)(1) for a period of twenty-two days." (At 84). I agree that were appellant "unavailable" between the issuance of the complaint and his arrest, that delay is automatically excluded from the relevant period. Rule 1100(d)(1); *Commonwealth v. Flores,* 247 Pa.Super. 140, 371 A.2d 1366 (1977). Before time can be excluded, however, the Commonwealth must show that it exercised due diligence in attempting to effectuate the defendant's arrest. See Comment to Rule 1100: "For purposes of subparagraph (d)(1), . . . the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence, . . ." See also, *Commonwealth v. Flores, supra.* To permit exclusion of that time without a showing of due diligence would seriously erode the purposes of the rule. Although the record does indicate delay between the complaint and the arrest, there is no evidence that the Commonwealth exercised due diligence in attempting to locate appellant. Thus, without amplification of the record, we cannot

summarily dismiss appellant's contention. Cf. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Therefore, I dissent and would remand the instant case.

CERCONE and SPAETH, JJ., join in this dissenting opinion.