380 A.2d 379

**COMMONWEALTH of Pennsylvania**

v.

**Elmer H. HUGHES, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 8, 1976.

Decided Dec. 2, 1977.

Arthur K. Dils, and Dils & Diveglia, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County by the defendant-appellant, Elmer H. Hughes, Jr., after conviction in a non-jury trial of drawing a check without sufficient funds with intent to defraud.

This case began on June 19, 1974, when a complaint was made in regard to a check in the amount of $3165.00 that was issued by the appellant knowing that it would not be honored by the drawee. He was arrested on July 6, 1974 and indicted on October 7, 1974 and scheduled for arraignment on October 15, 1974. He failed to appear for arraignment and a capias was issued. It was learned that he was in the Harrisburg Hospital from October 31, 1974 to November 11, 1974. He was rescheduled for arraignment on January 31, 1975 and again failed to appear. The capias was not revoked until April 10, 1975 when he was formally arraigned, pled not guilty and requested trial by jury. Application for extension of time for trial and application for continuance was made on May 22, 1975 and granted by the court below because of the unavailability of judges to try the case. The Commonwealth was directed to bring the appellant to trial not later than June 6, 1975.

This directive was not complied with because of the trial judge situation and again on June 10, 1975, another application for continuance was filed and granted and the Commonwealth was directed to bring him to trial not later than September, 1975. On July 17, 1975, appellant waived his right to a jury trial and proceeded to trial non jury.

It was at this time when trial was called and for the first time he complained that his right to a speedy trial was violated. The court denied his petition and he was adjudged guilty and sentenced to pay a fine and make restitution.

The appellant filed a motion to dismiss under Rule 1100 of Pennsylvania Rules of Criminal Procedure on August 8, 1975. The motion was dated July 24, 1975. The record showed that it was not actually filed under August 8, 1975 more than seven days after judgment as required under Rule 1123 of Pennsylvania Rules of Criminal Procedure.

The Commonwealth contends that he failed to file post-verdict motions and therefore his complaint cannot be considered on appeal quoting 17 P.S. § 211.204 Pennsylvania Rules of Criminal Procedure Rule 1123, Supreme Court Rule 56.

"The making of post-verdict motions allows the trial court the first opportunity to pass upon claims of error in the proceeding before it. If that court grants the requested relief, an appeal may have been avoided; if the relief sought is denied, appellate courts will have the benefit not only of the arguments of the parties but also of the lower court's opinion on the issues raised . . . Thus, post-verdict motions promote judicial economy and the orderly administration of the appellate process. It is for these reasons that, as a rule, issues not raised by way of post-verdict motions in the trial court will not be considered on appeal. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); See *Commonwealth v. Mitchell,* 461 Pa. 555, 337 A.2d 292 (1975); *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975)." *Commonwealth v. Carter,* 463 Pa. 310, 313, 344 A.2d 846, 848 (1975).

The Commonwealth also contends that he waived his right under Rule 1100 when he failed to raise the issue prior to trial. Subparagraph (f) of Rule 1100, Pennsylvania Rules of Criminal Procedure provides:

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

The Commonwealth contention is:

"This portion of the rule provides a mechanism for determining whether or not Rule 1100 has been violated. Though not explicitly so stating, the rule clearly implies that the defendant's application should be raised prior to the day of trial so that the expense and inconvenience of trial preparation and witness attendance can be avoided if the application is meritorious, so that the Commonwealth can be prepared to present evidence on the speedy trial issue, and so that jury trials can commence when scheduled.

"Appellant had notice of both Commonwealth Applications for Extensions and the responsive orders of court but no objection was ever raised on the basis of Rule 1100 until the day of trial on July 17, 1975. Further, no question regarding said rule was raised by Appellant on April 10, 1975, when he was arraigned, entered a plea of not guilty and was scheduled for trial. Under these circumstances the Commonwealth believes that Appellant not only waived his right to complain about a speedy trial before this Honorable Court but also waived any right he might have had under Rule 1100."

The Court below found that he was tried beyond the 270-day rule but for the following reasons: "1. Pennsylvania Rule of Criminal Procedure No. 1123 states that post-trial motions are to be filed within 7 days of a finding of guilty.

Defendant was found guilty on July 17, 1975 and post-trial motions were not filed until August 8, 1975. 2. Defendant's own conduct was responsible for the delay in his being brought to trial. *Commonwealth v. Vorhauer*, 232 Pa.Super. 84, 331 A.2d 815 (1974). Defendant did not appear for arraignment on October 15, 1974 and a capias was issued. From October 31, 1974 until November 11, 1974, defendant was in the hospital. He was rescheduled for arraignment on January 3, 1975 but again did not appear and eluded authorities for 97 days. He was formally arraigned on April 10, 1975. The Commonwealth was granted a continuance on May 22, 1975 which directed that defendant be tried no later than June 6, 1975. This was not complied with because all trial judges were hearing cases at the time. The Commonwealth was granted a second continuance, ordering that defendant be tried no later than September, 1975. Defendant did not object to the second continuance and trial was commenced prior to September, 1975."

The court below, in granting the extensions, indicated that the reason for the continuances in both cases to specific dates was because of the trial judge scheduling problem. No objection was made by the defendant. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Supreme Court said that under certain circumstances, "not to be considered exclusive, they represent the type of circumstances wherein an extension may be justifiably granted. . . . 2. Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable" *Commonwealth v. Shelton, supra*, 469 Pa. at page 18, 364 A.2d at page 699. See also *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

Judgment of sentence affirmed.

HOFFMAN, CERCONE, PRICE and SPAETH, JJ., concur in the result.