391 A.2d 667

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ralph C. JONES.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

Hoffman and Spaeth, JJ., joined in opinion of Price, J.

Jacobs, President Judge, filed an opinion in support of reversal in which Cercone and Van der Voort, JJ., joined.

F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellant.

Benjamin Lerner, Public Defender, Philadelphia, for appellee.

Before WATKINS, President Judge, JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the order is affirmed.

PRICE, J., files an opinion in support of affirmance in which HOFFMAN and SPAETH, JJ., join.

JACOBS, President Judge, files an opinion in support of reversal in which CERCONE and VAN der VOORT, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, in support of affirmance:

This is an appeal by the Commonwealth from a lower court order discharging appellee from custody. The lower court predicated its order upon a finding that appellee's right to a speedy trial under Pa.R.Crim.P. 1100 had been violated.[1] I would affirm the order of the lower court.

Appellee was charged with various offenses in a complaint dated September 22, 1975. After a preliminary hearing and arraignment, appellee, on November 14, 1975, filed a motion to suppress identification evidence. Although no hearing date was scheduled on appellee's motion, trial was listed to commence on December 4, 1975. Trial, however, was subsequently rescheduled on several occasions. On March 22, 1975, a hearing was begun on appellee's suppression motion. On that same day, the Commonwealth filed a form petition to extend the time for commencement of trial, alleging that "[d]espite due diligence, the Commonwealth will not be able to try this case within the Rule 1100 run date." The Commonwealth made no effort to support its claim of due diligence, averring only that "[a] specific account of the history of this case will be presented at time of argument."

---

1. Although appellee failed to file a petition to dismiss in the instant case, he did contest the Commonwealth's request for an extension of time. Thus, since an extension of time was granted until May 3, 1976, and the case was tried prior to that date, the appellee is deemed to have preserved his claim of a Rule 1100 violation. *Commonwealth v. Joshua Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978).

On March 23, 1975, the suppression hearing was completed and appellee's motion was denied. Before trial could begin, however, the hearing judge disqualified himself at defense request and listed the case for trial before another judge on May 3, 1976. On March 30, 1976, the lower court, after a hearing, granted the Commonwealth an extension of time to commence trial until May 3, 1976. On May 3, appellee was tried and convicted of several charges, by the court below, sitting without a jury. Sentence was deferred pending psychiatric reports and post-verdict motions. On May 10, 1976, appellee filed a timely motion in arrest of judgment, averring that the lower court had improperly granted the Commonwealth an extension of time to commence trial. On August 31, 1976, the lower court granted appellee's motion and ordered appellee discharged. This appeal followed.

Pa.R.Crim.P. 1100(a)(2) mandates that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Under Pa.R.Crim.P. 1100(c),[2] however, the Commonwealth may be granted an extension of time for trial commencement if it can demonstrate on the record that it was unable to bring an accused to trial within the mandatory period despite its due diligence. Here, the Commonwealth applied to the court below for an extension of time on March 22, 1975, the last day of the mandatory period.[3]

2. Pa.R.Crim.P. 1100(c) prescribes that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

3. In its opinion, the court below ruled that the Commonwealth's petition to extend was untimely because it was filed two days after the expiration of the mandatory period. The court clearly erred in this determination. Time calculations under Pa.R.Crim.P. 1100 are made in compliance with 1 Pa.C.S. § 1908, which provides that if

Unfortunately, the Commonwealth failed to aver in its petition why it was prevented from bringing appellee to trial in a timely fashion. Form petitions of this type do not comply with the procedures prescribed by Rule 1100 and are defective. *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). Pa.R.Crim.P. 1100(c) grants an accused the right to answer the Commonwealth's request for an extension of time. If the petition to extend does not aver the factual basis of the Commonwealth's request, then the accused is denied the knowledge necessary to answer the petition. Since the mandatory period has expired, we would affirm the order of the court below discharging appellee.[4]

The Commonwealth contends now that even if its petition to extend was improperly granted, appellee's right to a speedy trial was not violated because trial commenced on March 22, the 180th day, when the hearing on the motion to suppress began. For the purpose of Rule 1100, trial is deemed to commence when ". . . the trial judge determines that the parties are present and directs them to proceed . . . to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in trial." Pa.R. Crim.P. 1100, Comment. Although the record does not show that the hearing on appellee's motion had been explicitly reserved for trial, the Commonwealth argues that the hearing on appellee's suppression motion did constitute commencement of trial under procedures established by a local

". . . the last day of [a time period] shall fall on Saturday or Sunday, . . ., such day shall be omitted from the computation." Here, the 180th day after the filing of the complaint was March 20, a Saturday. The lower court should therefore have excluded March 20 and 21 from its computation, thereby concluding that the mandatory period expired on March 22, 1976.

4. At the hearing on the petition, the Commonwealth again failed to assert the factual basis of its claim of due diligence. The hearing judge granted the Commonwealth an extension of time solely on the basis of timeliness of filing. The action of the lower court was clearly improper. *Commonwealth v. Tuggle*, 251 Pa.Super. 54, 380 A.2d 373 (1978) (Concurring Opinion by Price, J.).

court rule.[5]  We do not believe that the Commonwealth has properly presented this issue for appellate review.  The issue was not raised in the court below and should therefore be deemed waived.  *E. g., Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Downie*, 247 Pa.Super. 19, 371 A.2d 1016 (1977).  In fact, in its petition to extend, the Commonwealth conceded that trial could not be timely commenced.  The Commonwealth should not now be allowed to argue that trial was commenced within the mandatory period.

We would affirm the order of the court below.

HOFFMAN and SPAETH, JJ., join in this opinion.

JACOBS, President Judge, in support of reversal:

The Commonwealth has appealed from the order of the lower court ordering appellee's discharge for the failure of the Commonwealth to comply with Pa.R.Crim.P. 1100.  I find that appellee was brought to trial in a timely fashion, and would reverse.

A complaint was filed on September 22, 1975, charging appellant with robbery, theft, and weapons offenses.  Barring any exclusions, the last day for trial to commence was March 20, 1976, 180 days after the complaint was filed.  On March 22, 1976, the Commonwealth filed a petition to extend the 180 period.  On that same day, a hearing commenced on appellee's motion to suppress evidence.  That motion had been filed on November 14, 1975.  The Commonwealth's petition to extend was granted and the suppression motion denied.  Rather than continuing with the trial however, the judge who heard the suppression motion disqualified himself at the request of defense counsel.  Trial was continued until

5.  Philadelphia Criminal Court Rule 600 provides, in pertinent part, that: "All pretrial suppression applications in non-major criminal cases shall be listed for hearing in the same courtroom and on the same date as the non-major case scheduled for trial."

it could be heard by another judge. Appellee was tried and convicted on May 3, 1976. An arrest of judgment was ordered by the lower court stating that the petition to extend was untimely and even if timely, should not have been granted. The Commonwealth argues that (1), trial commenced within the period provided by Rule 1100, and (2), the petition to extend was timely filed and properly granted. Since I agree with the first contention, I do not consider the latter.

The 180 day period ended March 20, 1976. March 20th, however, fell on a Saturday, and the 21st was, of course, a Sunday. Under such circumstances, Saturday and Sunday are omitted for Rule 1100 computation purposes, and the final day of the period is Monday, in this case March 22. *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977).

Having ascertained that March 22 was the last day that trial could be commenced within the Rule 1100 period, the question is whether trial did commence on or before that day. On March 22, a hearing on appellee's suppression motion commenced. For the purposes of Rule 1100, trial is deemed to commence ". . . when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which have been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial." Pa.R.Crim.P. 1100, Comment, (emphasis added).

Thus the issue is further narrowed to whether the hearing on appellee's suppression motion was "reserved for the time of trial." If it was, then obviously trial commenced on March 22, within the required period. Rule 600 of the Philadelphia Criminal rules provides in part that "All pre-trial suppression applications in non-major criminal cases shall be listed for hearing in the same courtroom and on the same date as the non-major case scheduled for trial." Whether or not this case was "non-major, it is obvious from

the record that the Rule 600 procedure was followed. Appellee's case was placed on the trial list. No separate date was listed for the suppression motion hearing. When the case was called for trial, the suppression hearing commenced. At that time, trial commenced for the purposes of Rule 1100. The fact that the remaining portion of the trial was continued until May 3 has no bearing on the Rule 1100 period since trial had already begun and would have been completed in March had not appellee asked the suppression hearing judge to disqualify himself.

Trial commenced on March 22, the last day of the Rule 1100 period. The lower court improperly granted the motion in arrest of judgment.

I would reverse and remand for resentencing.[1]

CERCONE and VAN der VOORT, JJ., join in this opinion.

1. The Rule 1100 claim was the only issue raised in post-trial motions.