389 A.2d 1165

**COMMONWEALTH of Pennsylvania**

v.

**Thomas H. ROYER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided July 12, 1978.

362

John R. Gailey, Jr., York, for appellant.

Donald L. Reihart, District Attorney, York, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On September 9, 1975, the appellant was convicted by a jury of violating The Controlled Substance, Drug, Device and Cosmetic Act.[1] Timely post-verdict motions were de-

---

1. Act of April 14, 1972, P.L. 233, No. 64, § 1 (35 P.S. § 780–101) *et seq.*

nied by the court below, and sentence was imposed. Appellant now contends solely that his right to a speedy trial under Pa.R.Crim.P. 1100 was violated. We disagree with this contention and affirm the judgment of sentence.

Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." In the instant case, a criminal complaint was lodged against the appellant on December 30, 1974. Thus, the Commonwealth was required to bring the appellant to trial by June 28, 1975, in order to comply with the mandate of Rule 1100(a)(2). Trial, however, did not commence until September 8, 1975, well after the expiration of the prescribed period.

It is axiomatic that all periods of delay beyond the prescribed period " ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). Here, the Commonwealth asserts that all delay beyond the mandatory period can be justified by two orders entered by the court below extending the time for trial commencement. The only issue therefore before us is whether or not the lower court properly granted the Commonwealth additional time within which to bring the appellant to trial.

██ Pa.R.Crim.P. 1100(c) provides that the Commonwealth should be granted an extension of time for commencement of trial if it can demonstrate on the record that trial could not be commenced within the prescribed period despite its due diligence.[2] In the instant case, the Common-

---

**2.** Pa.R.Crim.P. 1100(c) provides that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the

wealth petitioned the lower court to extend the time for trial on June 12, 1975. The Commonwealth predicated its petition upon an assertion that trial could not be commenced by June 28, 1975, the 180th day, because of an overcrowded court docket. After a hearing on July 10, 1975, the lower court found that the Commonwealth, despite its due diligence, was in fact prevented from bringing the appellant to trial because of unavailable courtroom space. Accordingly, the lower court extended the time for trial until August 22, 1975. In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court ruled that the Commonwealth may be granted an extension of time based upon delay attributable to the judiciary. Since the record supports the finding of the lower court, we hold that the lower court did not err in granting the Commonwealth's petition.

■ Unfortunately, our review of the merits of this case is not concluded. On August 27, 1975, the Commonwealth applied to the lower court to grant it a second extension of time. In its petition, the Commonwealth again averred that it was unable to bring the appellant to trial because of an overcrowded court schedule. After a hearing, the lower court agreed with the Commonwealth's contention and extended the time for trial until the last day of the September term of criminal court. Trial eventually commenced on September 8, 1975. Since the record supports the lower court's finding that the Commonwealth exercised due diligence in bringing the appellant to trial, we affirm the judgment of sentence rendered by the court below.

court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Although we affirm the appellant's judgment of sentence, we note that the Commonwealth did not file its second petition to extend until five days after the expiration of the extension date set by the lower court on July 10, 1975. The failure of the Commonwealth to file a timely extension petition would normally precipitate the dismissal of all charges against the accused. *E. g., Commonwealth v. O'Shea, supra; Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). As the Pennsylvania Supreme Court explained in *Commonwealth v. Woods, supra*, 461 Pa. at 258, 336 A.2d at 274: "The time limits set forth in the rule are definite; there is no provision for the granting of any extension application nunc pro tunc." The appellant, however, failed to raise this matter either in answer to the Commonwealth's extension petition in the court below or in his brief to this court.[3] We are therefore precluded from considering the issue in this appeal. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975); *see also* the per curiam order of the Pennsylvania Supreme Court in *Commonwealth v. Thomas Borris*, No. 1341 Allocatur Docket (August 8, 1977).

The judgment of sentence is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

**3.** This appeal was not orally argued before this court.