399 A.2d 712

**COMMONWEALTH of Pennsylvania**

v.

**Frank DAMANSKIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided March 9, 1979.

John G. McDougall, Philadelphia, for appellant.

D. Michael Emuryan, Assistant District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appeal is taken from Judgment of Sentence rendered following non-jury trial and adjudication of guilty to charges of theft, criminal conspiracy, and unauthorized use of a motor vehicle.[1] Post-trial motions were made and denied. Therefrom, one issue relative to *Pa.R.Crim.P.* Rule 1100 is preserved and argued for our consideration.

Relevant facts are that the Commonwealth, within the period allowed for commencement of trial in *Pa.R.Crim.P.* Rule 1100(a), petitioned for an extension of time, as provided by Rule 1100(c). The Commonwealth alleged that undue

---

1. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, 18 Pa.C.S. §§ 3921, 903, and 3928, respectively.

delay was caused by grand jury proceedings in this case, as well as the court's difficulties in scheduling for trial. Consequently the Commonwealth asked for an extension of time for commencement of trial. Appellant filed no answer. The matter came on for hearing, and we reproduce the entire proceedings:

Before Hon. Francis J. CATANIA, J.

December 12, 1975

THE COURT: All right.

MR. McDOUGALL [Defense Counsel]: May it please the Court, Commonwealth versus Frank Damanskis, Transcript No. 4124 of 1975.

I am accepting the Commonwealth's understanding of their late sending of the petition, but I object to the petition at this time indicating all the allegations due to conclusions of fact and law.

THE COURT: All right. We will grant the Commonwealth's motion to extend and grant you an exception on the record.

MR. McDOUGALL: Thank you, sir.

An order was subsequently issued extending the time for ninety days, i. e., until April 11, 1976. Trial commenced within the period as extended.

On appeal, lower court error in having granted the extension is alleged. We find the proceedings to inquire into the Commonwealth's allegations woefully inadequate, and "due diligence" on the part of the Commonwealth not proved. However, when the hearing was held in 1975, the parties and the court did not have the benefit of *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), and its progeny, as they have interpreted and delineated Rule 1100(c) to mandate that the prosecution must prove that it is prevented from being able to proceed to trial within the time allowed despite due diligence. Unavailability of courtrooms may be a valid reason; but in the instant case, this is not proved. Faced with the inadequacy of the 1100(c) hearing, we must remand for an evidentiary hearing to inquire into whether or not the reasons alleged for the

extension can be proved. The Commonwealth in this appeal argues strenuously that the appellant was obliged, prior to trial, to have filed a Rule 1100(f) application to dismiss. Without deciding whether the statement, without more, by defense counsel at the 1100(c) hearing, that he objected to the petition, is sufficient in general, we note that a separate 1100(f) application is not necessary where the defense opposes the Commonwealth's 1100(c) petition. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), and *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (footnote 1), (1978). At said hearing, if the requirements of *Pa.R.Crim.P.* Rule 1100(c) be met, the judgment of sentence shall be affirmed. If due diligence and other prerequisites be not proved, then judgment of sentence shall be reversed and appellant discharged.

Remanded with directions to proceed in accordance with this opinion.

CERCONE, President Judge, concurs in the result.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the action of the court below.