409 A.2d 68

COMMONWEALTH of Pennsylvania

v.

**Thomas V. FOLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 30, 1977.

Filed Aug. 24, 1979.

72

John G. McDougall, Philadelphia, for appellant.

D. Michael Emuryan, Assistant District Attorney, Chief, Appeals Division, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

A jury convicted appellant of possession of a controlled substance, possession with intent to deliver a controlled substance, and conspiracy. After denying post-verdict motions, the lower court sentenced appellant to 11½ to 23 months in prison. Appellant argues that his trial counsel was ineffective,[1] and that therefore he is entitled to a new trial. He also argues that his right to a speedy trial under Pa.R.Crim.P., Rule 1100, was violated, and that therefore he is entitled to be discharged. For reasons that will appear, we shall consider only appellant's Rule 1100 claim; since, however, it was not raised in appellant's post-verdict motions,[2] we shall consider it only in the context of whether appellant's counsel was ineffective in failing to raise it, thereby preserving it for appellate review.

The complaint was filed on June 10, 1975. The trial should therefore have begun by December 7, 1975.[3] Trial was set for November 18, 1975, but on October 24, 1975, the Commonwealth petitioned for an extension of time,[4] alleging

1. Appellant argues that his trial counsel was ineffective: (1) for failing to move to dismiss the charges because of the six month delay between the criminal incident and appellant's arrest; (2) for failing to move for the disclosure of the identity of the confidential informant who allegedly arranged the sale of drugs and the production of this informant at trial; and (3) for filing post-verdict motions that were mere boilerplate in that they claimed that the verdict was contrary to the law and the evidence and that the Commonwealth had failed to meet its burden of proof.

2. See note 1 supra.

3. Pa.R.Crim.P., Rule 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

4. Pa.R.Crim.P., Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

that there were not enough judges to try the cases then pending. Appellant objected to the extension, alleging that the Commonwealth was not prepared to proceed with the trial, but on October 31, 1975, the lower court, without a hearing, granted the Commonwealth an extension to March 7, 1976. During this period, one continuance was granted to December 9, and another to January 19, 1976. Two other continuances, totalling 28 days, were granted because of the unavailability of defense counsel. Trial began on February 17, 1976, 252 days after the complaint was filed, or 72 days after the expiration of the 180 day period.

It is established that "[c]ounsel's assistance is deemed constitutionally effective once the reviewing court is able to conclude that a particular course chosen had some reasonable basis designed to effectuate the client's interest." *Commonwealth v. Sisco*, 482 Pa. 459, 462, 393 A.2d 1197, 1199 (1978). Thus, "[t]he test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record," *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967) (emphasis in original), but rather whether any reasonable basis exists for counsel's choice. If any reasonable basis does exist, counsel will be deemed effective. *Commonwealth v. Connolly*, 478 Pa. 117, 122–23, 385 A.2d 1342, 1345 (1978); *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978). Since no reasonable basis can exist for failing to raise and preserve a meritorious Rule 1100 claim, a failure to raise and preserve such a claim constitutes ineffectiveness, *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977), although counsel will not be held ineffective for failing to raise and preserve a meritless claim, *see Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Lennox*, 250 Pa.Super. 80, 378 A.2d 462 (1977).

The Commonwealth's petition for extension alleged that it was prepared for trial but that "the Common Pleas

Court of Delaware County has been unable to comply with the requests of the Office of the District Attorney of Delaware County to schedule a sufficient number of Judges through a sufficient number of trial days and/or weeks." In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Supreme Court held that for a petition for extension to be granted, the record must show:

> (1) the 'due diligence' of the prosecution, and (2) certification that the trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must show the causes of the court delay and the reasons why the delay cannot be avoided."

> *Id.,* 469 Pa. at 222, 364 A.2d at 1349–50. *See Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Royer*, 256 Pa.Super. 361, 389 A.2d 1165 (1978).

Here, since there was no hearing on the Commonwealth's petition, the record does not make this showing. It does not follow, however, that counsel was ineffective for failing to raise and preserve a meritorious Rule 1100 claim, and that appellant must therefore be discharged. The Commonwealth's petition was decided before the Supreme Court's decision in *Mayfield*. In other pre-*Mayfield* cases we have remanded for an evidentiary hearing to afford the Commonwealth the opportunity to prove that the requirements of *Mayfield* were met. *See Commonwealth v. Damanskis*, 264 Pa.Super. 154, 399 A.2d 712 (1979); *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977). We shall do so here. If after a hearing the lower court finds that the Commonwealth has failed to prove that the requirements of *Mayfield* were met, the conclusion will follow that appellant's counsel was ineffective, and appellant should be discharged. In that event the Commonwealth may appeal. If the lower court finds that the Commonwealth has proved that the requirements of *Mayfield* were met, the conclusion

will follow that appellant's counsel was not ineffective with respect to the Rule 1100 claim. In that event appellant may appeal, and on that appeal, may raise any issue presented and not decided on this appeal.[5]

So ordered.

PRICE, J., files a dissenting opinion.

JACOBS, J., did not participate in the consideration or decision in this case.

PRICE, Judge, dissenting:

This appeal arises from the denial by the court below of appellant's motions for a new trial and in arrest of judgment. Appellant now contends that his right to a speedy trial guaranteed by Pa.R.Crim.P. 1100(a)(2)[1] was violated by failure of the Commonwealth to bring him to trial within 180 days from the date the criminal complaint was lodged against him. Specifically, he alleges that: (1) the court below erred in granting the Commonwealth's petition to extend the date of trial; and (2) appellant's trial counsel was ineffective in not preserving his objection to the extension.[2] I agree with both of these contentions, and would thus vacate the judgment of sentence and order appellant discharged.

5. The record transmitted to this court from the lower court did not include the notes of testimony from appellant's trial. Accordingly, had we reached it, we should have been unable to decide the issue of counsel's alleged ineffectiveness with respect to the failure to move for the disclosure and production of the informant. *See* note 1 *supra.* If appellant wishes to raise this issue on a later appeal, he should make sure that the notes are included in the record.

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Appellant also alleges various other instances of counsel's ineffectiveness. Because of my disposition of the Rule 1100 issue, these contentions need not be addressed.

On June 10, 1975, a criminal complaint was filed against appellant charging him with possession of a controlled substance,[3] possession with intent to deliver a controlled substance,[4] and criminal conspiracy.[5] The indictment was approved by the grand jury on September 3, 1975, and appellant was arraigned eight days later, with trial being set for November 18, 1975. On October 24, 1975, the Commonwealth petitioned for an extension of time within which to bring appellant to trial.[6] The Commonwealth predicated its request on unavoidable judicial delay. On that same date, the court filed a rule to show cause on appellant why the application should not be granted. Appellant duly filed an answer to the rule in which it was alleged that the Commonwealth was not, in fact, ready to proceed. On October 31, 1975, the return date of the rule, the petition was granted by the Honorable Francis J. Catania, without a hearing, and the date for trial commencement extended to March 7, 1976.[7] On November 25, 1975, a continuance was granted to December 9, and was immediately followed by another continuance from December 11, 1975, to January 19, 1976; the latter due to the lack of courtroom space. Two further continuances, totalling 28 days, were granted to appellant as a result of the unavailability of appellant's counsel. Trial was finally commenced on February 17, 1976. At no time prior to trial did appellant's counsel file a motion to dismiss

**3.** The Controlled Substance, Drug, Device and Cosmetics Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16), *as amended,* 35 P.S. § 780–113(a)(16).

**4.** *Id.* at § 13(a)(30), 35 P.S. § 780–113(a)(30).

**5.** 18 Pa.C.S. § 903.

**6.** Pa.R.Crim.P. 1100(c) provides in pertinent part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

The original run date for Rule 1100 purposes was December 7, 1975.

**7.** No explanation was given for this extension by the court below.

in conformance with Pa.R.Crim.P. 1100(f).[8]  Nor did counsel raise the allegedly improper extension in post-trial motions.

Represented by new counsel on this appeal, appellant now contends that the court below erred in granting the Commonwealth's petition to extend because the Commonwealth failed to prove due diligence.  Because such an argument was not presented in post-trial motions, however, it is waived.  *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).[9]

Anticipating this conclusion, appellant argues in the alternative that his trial counsel was ineffective for failing to preserve this matter.  I agree.

In cases involving claims of ineffective assistance of counsel, this court is guided by the tenets propounded in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967): "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (emphasis in original).  In applying this guideline, the initial factor which must be considered is whether the claim which counsel is charged with not pursuing had some reasonable basis.  *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

In the instant case, I conclude that appellant's claim is meritorious.  The Commonwealth application to extend merely recited that, *inter alia,*

8.  Pa.R.Crim.P. 1100(f) states in pertinent part: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated."

9.  In *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), our supreme court held that an appellant's failure to file a motion to dismiss under Rule 1100(f) does not preclude him from later raising the issue on appellate review, provided that appellant make timely objection to the Commonwealth's application to extend.  This does not absolve an appellant, however, from the requirement of raising that issue in post-trial motions.

"the Office of the District Attorney is nonetheless ready, prepared and able to comply with the time requirements of Rule 1100, but the Common Pleas Court of Delaware County has been unable to comply with the requests of the Office of the District Attorney of Delaware County to schedule a sufficient number of Judges through a sufficient number of trial days and/or weeks; . . . ."

It is of course true that since our supreme court decided *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Commonwealth may be granted an extension of time in which to bring a defendant to trial on the basis of judicial delay. Such an extension may only be justified, however,

"upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.* 469 Pa. at 222, 364 A.2d at 1349–50.

*See also Commonwealth v. Royer*, 256 Pa.Super. 361, 389 A.2d 1165 (1978); *Commonwealth v. Ehredt*, 255 Pa.Super. 84, 386 A.2d 147 (1978); *Commonwealth v. Hughes*, 251 Pa.Super. 66, 380 A.2d 379 (1977).

Presently, there was no hearing and no showing of due diligence. The application to extend was a type of form petition that this court has strenuously condemned. *Commonwealth v. Ray*, 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1976) (such forms ". . . frustrate the intent of Rule 1100, [and] also denigrate the procedures prescribed therein."). *See Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978); *Commonwealth v. Porter*, 251 Pa.Super. 346, 380 A.2d 812 (1977); *Commonwealth v. Wareham*, 251 Pa.Super. 130, 380 A.2d 412 (1977); *Commonwealth v. Krall*, 249 Pa.Super. 433, 378 A.2d 373 (1977). While in cases decided prior to *Mayfield* this court has read the record with some leniency and remanded for an evidentiary hearing on

an incomplete record, *e. g., Commonwealth v. Stabler,* 251 Pa.Super. 194, 380 A.2d 444 (1977), when the record is completely devoid of any facts evidencing due diligence or judicial delay, as is here the case, this need not be done.

Appellant was tried 252 days following the filing of the complaint. Because I conclude that the extension was improvidently granted, this period was far in excess of the 180 day limit of Rule 1100.[10] If appellant's trial counsel had included the Rule 1100 claim in post-trial motions, appellant would properly have been entitled to discharge. As this court has previously noted, there is no reasonable legal basis for an attorney to fail to object, or in this case to preserve an objection, to a violation of his client's speedy trial rights under Rule 1100. *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977). *See also Commonwealth v. Bunch,* 466 Pa. 22, 351 A.2d 284 (1976) (Roberts, J., dissenting). I therefore conclude that appellant was deprived of effective assistance of counsel.

I would vacate the judgment of sentence and order appellant discharged.

**10.** The Rule 1100 limit is exceeded even when delays attributed to appellant due to counsel's absence are excluded, and the validity of those exclusions, in light of *Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979), is cast in considerable doubt.