J. S69027/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
               v.   :
  :
MICHAEL TAYLOR,   :   No. 316 EDA 2015
  :
           Appellant   :

Appeal from the Judgment of Sentence, September 3, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001478-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 19, 2016**

Michael Taylor appeals from the September 3, 2014 judgment of sentence resulting from his convictions of aggravated assault, possessing an instrument of crime, simple assault, recklessly endangering another person, possession of a firearm by a prohibited person, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1]  We affirm.

The trial court provided the following relevant facts:

> On Friday, December 9, 2011, at about 11 p.m., Rasheed Kellam was outside a corner store at Seventh and Jefferson Streets in Philadelphia.  He testified that three individuals approached him and tried to steal his coat.  When he refused, one of the individuals shot him, and the bullet went through both legs.  Although he did not know what type of gun was used, he recalled hearing three shots.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), 2705, 6105(a)(1), 6106(a), and 6108, respectively.

Officer Joseph Goodwin of the Philadelphia Police Department was on duty the night of the incident and received information from his Captain about the shooting. He contacted sources in the neighborhood he'd previously used to further investigate the matter. Based on the information he received, he returned to the police station and made recommendations about who should be placed in a photo array. Based upon this recommendation, a photo array was made up to identify a suspect.

Mr. Kellam was interviewed by Detectives John Bartle and David Rash after being released from the hospital that same night. Kellam was initially uncooperative and would not identify the shooter. Officer Goodwin joined the interview and told Mr. Kellam about the information he'd received from his contacts. After Officer Goodwin spoke to him, Mr. Kellam requested to see the photo array. At that time he identified Appellant as the individual who shot him. Officer Goodwin testified that his confidential informants did not want to testify in court.

Mr. Kellam was again uncooperative when testifying at the preliminary hearing, and did not identify Appellant at that time. He stated that he did not see who shot him, in contrast to the written statement given to police on the date of the shooting. When Mr. Kellam testified at trial, he stated that he did not remember the interview with police due to the painkillers he had been given. However, medical records indicate that he was not prescribed any pain medication that evening.

Both parties stipulated at trial that Appellant was not licensed to carry a firearm.

Trial court opinion, 4/27/15 at 2-3.

Appellant waived his right to a jury trial and was convicted of the aforementioned charges on February 19, 2014. On September 3, 2014,

- 2 -

appellant was sentenced to a total of seven to fifteen years of incarceration, to be followed by five years of probation. Appellant filed post-sentence motions on September 10, 2014, which were denied by operation of law on January 9, 2015. On January 16, 2015, appellant filed a notice of appeal. The trial court ordered appellant to produce a concise statement of errors complained of on appeal on February 5, 2015, pursuant to Pa.R.A.P. 1925(b), and appellant complied with the trial court's order on February 26, 2015. The trial court has filed an opinion.

Appellant raises the following issues on appeal:

> A. WAS APPELLANT'S CONVICTION AGAINST THE WEIGHT OF THE EVIDENCE?
>
> B. DID THE COMMONWEALTH PROVE BEYOND A REASONABLE DOUBT THE ELEMENT OF EACH CRIME THAT APPELLANT WAS CONVICTED OF?
>
> C. DID THE TRIAL COURT ISSUE A GREATER SENTENCE THAN NECESSARY?

Appellant's brief at 3.

The first issue appellant raises for our review is whether the trial court's verdict is contrary to the weight of the evidence presented at trial. Our standard of review for determining whether a verdict is compatible with the weight of the evidence is well settled:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing the trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is the result of partiality, prejudice, bias, or ill will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted) (emphasis deleted). We agree with the trial court that appellant's convictions are "not contrary to the evidence [n]or shocking to the conscience." Accordingly, we affirm based on the trial court's opinion for this issue. (***See*** trial court opinion, 4/27/15 at 4.)

In appellant's second issue on appeal, he challenges whether the evidence presented by the Commonwealth was sufficient to warrant convictions for the crimes with which appellant was charged.

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. Stokes***, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted).

> Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of

> witnesses and the weight of the evidence produced,
> is free to believe all, part, or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted). The Commonwealth may satisfy its burden of proving a defendant's guilt beyond a reasonable doubt by using wholly circumstantial evidence. *Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008).

Appellant specifically challenges the sufficiency of the evidence of his convictions of the following crimes: aggravated assault, possession of a firearm by a prohibited person, possession of a firearm without a license, carrying a firearm in Philadelphia, and possession of an instrument of crime. Throughout his entire argument challenging the sufficiency of the evidence relating to his convictions, appellant repeatedly refers to the weight, rather than the sufficiency, of the evidence presented by the Commonwealth. Specifically, appellant references the credibility of witnesses, the reliability of the evidence presented, and whether an element of an offense can be inferred from "contradictory testimony." This claim is a challenge to the weight of the evidence, rather than its sufficiency. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (stating that a sufficiency of the evidence claim does not involve an analysis of witnesses' credibility) (citations omitted).

As this court has previously explained,

> The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence and to assess the credibility of

the witnesses. ***Commonwealth v. Johnson***, 668 A.2d 97, 101 (Pa. 1995). . . . An appellate court cannot substitute its judgment for that of the [finder of fact] on issues of credibility. ***Commonwealth v. DeJesus***, 860 A.2d 102, 107 (Pa. 2004).

***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa.Super. 2011), ***appeal denied***, 34 A.3d 828 (Pa. 2011); ***see also Commonwealth v. Griffin***, 65 A.3d 932, 939 (Pa.Super. 2013), ***appeal denied***, 76 A.3d 538 (Pa. 2013). As noted by the ***Palo*** court, we cannot substitute the fact-finder's judgment of credibility with our own; therefore, no relief is due for appellant's claim that the evidence was insufficient to warrant convictions for aggravated assault, the firearms offenses, and possession of an instrument of crime.

Finally, in his third issue for our review, appellant challenges whether the trial court "issued a greater sentence than necessary." (Appellant's brief at 3.) Appellant, however, concedes that this issue was "not properly preserved by way of a timely objection or post-sentence motion," and the issue has been withdrawn. (***Id.***)

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

Commonwealth of Pennsylvania  :  CP-51-CR-0001478-2012

            :

v.            :

            :  SUPERIOR COURT
Michael Taylor       :  NO. 316 EDA 2015

**FILED**

APR 2 7 2015

Criminal Appeals Unit
First Judicial District of PA

OPINION

Ehrlich, J.

Michael Taylor, hereinafter Appellant, was found guilty on February 19, 2014, of aggravated assault, possessing an instrument of crime, simple assault, recklessly endangering another person, and multiple firearms violations following a non-jury trial.[1] The charges stem from a shooting that occurred on December 9, 2011, at the corner of Seventh and Jefferson Streets in North Philadelphia. Appellant was sentenced on September 3, 2014, to an aggregate term of seven to fifteen years' incarceration, followed by five years' probation. A timely appeal followed.

Instantly, Appellant claims three points of error:

  I.  The evidence presented at trial does not support the verdict given that the officers' versions of events are inconsistent with each other and with the testimony of the complainant. Thus credibility is at issue.

  II.  The Commonwealth failed to establish that Appellant was the person who shot the complainant, given that the complainant

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), 2705, 6105(a)(1), 6106(a)(1), and 6108, respectively.

testified on multiple occasions that he did not know who shot him. Thus, Appellant argues sufficiency of the evidence.

III.     Given the guidelines in this matter, the sentence was manifestly excessive.

Appellant's Pa.R.A.P. 1925(b) Statement, 02/26/2015.

As will be discussed below, these claims are without merit. Accordingly, no relief is due.

<u>The Evidence</u>

On Friday, December 9, 2011, at about 11 p.m., Rasheed Kellam was outside a corner store at Seventh and Jefferson Streets in Philadelphia. Notes of Testimony ("N.T."), 05/10/2013, at 6. He testified that three individuals approached him and tried to steal his coat. *Id.* at 12. When he refused, one of the individuals shot him, and the bullet went through both legs. *Id.* Although he did not know what type of gun was used, he recalled hearing three shots. *Id.* at 16.

Officer Joseph Goodwin of the Philadelphia Police Department was on duty the night of the incident and received information from his Captain about the shooting. N.T., 07/02/2013, at 8. He contacted sources in the neighborhood he'd previously used to further investigate the matter. *Id.* Based on the information he received, he returned to the police station and made recommendations about who should be placed in a photo array. *Id.* at 8–9. Based upon this recommendation, a photo array was made up to identify a suspect. *Id.* at 9.

Mr. Kellam was interviewed by Detectives John Bartle and David Rash after being released from the hospital that same night. N.T., 07/02/2013, at 28. Kellam was initially uncooperative and would not identify the shooter. *Id.* at 11. Officer Goodwin joined the interview and told Mr. Kellam about the information he'd received from his contacts. *Id.* at 17. After Officer Goodwin spoke to him, Mr. Kellam requested to see the photo array. *Id.* At that

- 2 -

time he identified Appellant as the individual who shot him. *Id.* Officer Goodwin testified that his confidential informants did not want to testify in court. *Id.* at 47–48.

Mr. Kellam was again uncooperative when testifying at the preliminary hearing, and did not identify Appellant at that time. N.T., 05/10/2013, at 7. He stated that he did not see who shot him, in contrast to the written statement given to police on the date of the shooting. *Id.* When Mr. Kellam testified at trial, he stated that he did not remember the interview with police due to the painkillers he had been given. N.T., 02/19/2014, at 3–4. However, medical records indicate that he was not prescribed any pain medication that evening. *Id.* at 7–8.

Both parties stipulated at trial that Appellant was not licensed to carry a firearm. N.T., 07/02/2013, at 47–48.

## Discussion

### *Weight of the Evidence*

Appellant first contends that the verdict was against the weight of the evidence. This claim should fail, because the standard of review for evaluating a weight-of-the-evidence claim is well established and very narrow. *Commonwealth v. Champney*, 574 Pa. 435, 443, 832 A.2d 403, 407 (2003). Determining the weight of the evidence is reserved exclusively for the finder of fact. *Id.* at 408. The finder of fact is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Id.* Thus, an appellate court can only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. *Id. See also Commonwealth v. Johnson*, 542 Pa. 384, 394, 668 A.2d 97, 101 (1995). Because the trial judge is in the best position to view the evidence presented, an appellate court will give that judge the utmost consideration when reviewing the court's determination on whether the verdict is against the weight of the evidence. *Commonwealth v. Morgan*, 913 A.2d 906, 908 (Pa. Super. 2006). A

-3-

"true weight-of-the-evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to believed." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Moreover, a new trial should not be granted in a criminal prosecution because of a mere conflict in the testimony or because the judge, on the same facts, may have arrived at a different conclusion. *Commonwealth v. Widmer*, 560 Pa. 308, 320, 744 A.2d 745, 752 (2000).

In the instant case, Appellant was not immediately identified by the complainant to police. Mr. Kellam later identified Appellant as the shooter after being confronted with information received from confidential informants. Evidence of both his initial and subsequent statements to police was presented at trial. Police testimony also corroborated Mr. Kellam's official statement to police.

The fact-finder is always free to determine which testimony to believe and how much weight to give to the testimony. *See Commonwealth v. Moore*, 648 A.2d 331, 333 (Pa. Super. 1994). Here, there did exist conflicting testimony from the complainant. However, Officer Goodwin and Detective Bartle gave testimony consistent with one another, and consistent with the complainant's written statement to police. Both testified that the complainant identified Appellant as the shooter using a photo array. As previously stated, the mere existence of conflicting testimony does not warrant a new trial for an appellant. The fact that Appellant was found guilty after all the evidence was presented was not contrary to the evidence or shocking to the conscience.

For the foregoing reasons, Appellant's claim that the verdict was against the weight of the evidence should fail.

- 4 -

Appellant's next contention on appeal is that the credibility of the Commonwealth's witnesses is at issue. Appellant is asserting that the evidence was insufficient to sustain his convictions. The standard of review of sufficiency claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Thompson*, 93 A.3d 478, 489 (Pa. Super. 2014) (quoting *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000) (internal citations omitted)).

A conviction may be sustained on wholly circumstantial evidence, and the trier-of-fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Burton*, 2 A.3d 598, 601 (Pa. Super. 2010) (quoting *Commonwealth v. Galvin*, 603 Pa. 625, 634–35, 985 A.2d 783, 789 (2009)). Any doubts as to a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

Appellant was convicted of aggravated assault, which is defined, in relevant part, as follows:

§ 2702. Aggravated Assault

(a) Offense Defined. -- A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702.

Appellant was also convicted of simple assault, which is defined, in relevant part, as follows:

§ 2701. Simple Assault

(a) Offense Defined. -- Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa.C.S.A. § 2701.

Furthermore, Appellant was convicted of recklessly endangering another person, which is defined by statute as follows:

§ 2705. Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

In the instant case, Mr. Kellam, the complainant, was shot through both legs on the night of December 9, 2011. While he was initially uncooperative with police, Mr. Kellam eventually identified Appellant as the individual who shot him. According to the complainant's testimony, three shots were fired. Complainant suffered serious injury in the form of two gunshot wounds in his legs. The use of a firearm in commission of the crime demonstrated a reckless disregard for Mr. Kellam's safety and caused serious bodily injury. This evidence was sufficient for the fact-finder to conclude that Appellant was guilty of aggravated and simple assault and recklessly endangering another person.

Next, Appellant was convicted of possessing an instrument of crime, which is defined by statute as follows:

- 6 -

§ 907. Possessing instruments of crime

(a) Criminal instruments generally. -- A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S.A. § 907.

In the instant case, a fired cartridge casing was found at the scene. N.T., 07/02/2013, at 48. There was a stipulation to this information, as well as to the fact that Appellant did not possess a valid license to carry a firearm at the time of the shooting. *Id.* at 47–48. The complainant was shot through both legs, further corroborating the use of a firearm in the commission of the crime. This evidence was sufficient for the fact-finder to find Appellant guilty of possession of a criminal instrument.

Finally, Appellant was convicted of multiple firearms violations. Specifically, Appellant was convicted of 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, which are defined in relevant part as follows:

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

(a) Offense defined. --

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105.

§ 6106. Firearms not to be carried without a license

(a) Offense defined. --

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or

- 7 -

fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree

18 Pa.C.S.A. § 6106.

§ 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

In the instant case, there was a stipulation that Appellant was not licensed to carry a firearm. This stipulation, along with the complainant's statement that Appellant shot him with a gun, establishes the necessary elements for Appellant to be convicted of the above firearm offenses.

"In evaluating the sufficiency of the evidence in a criminal case, the test to be employed is whether the finder of fact could reasonably have found that all elements of the crime charged had been proved beyond a reasonable doubt." *Commonwealth v. Richbourg*, 394 A.2d 1007, 1010 (Pa. Super. 1978). Here, the complainant identified Appellant as the shooter using a photo array supplied by police. Police investigation led them to question sources in the neighborhood, who provided further corroboration to the complainant's statement and Appellant's role in the shooting. Given the testimony and evidence presented, it was reasonable for the fact-finder to conclude that Appellant was guilty of the crimes charged.

*Sentencing*

Finally, Appellant contends that the trial court abused its discretion in sentencing. Appellant avers that sentence was "manifestly excessive" given the sentencing guidelines. However, Appellant is seeking to challenge wholly discretionary aspects of his sentence. *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (recognizing a claim that a sentence was excessive is treated as a challenge to the discretionary aspects of sentencing). Because the trial court is given broad discretion in sentencing, and Appellant does not assert that the trial court went beyond the sentencing guidelines, this claim should also fail.

"Within the constraints of the Sentencing Code, the trial court has broad discretion to fashion a sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Thomas*, 879 A.2d 246, 262–63 (Pa. Super. 2005). The discretionary aspects of a sentence may not, as a right, be challenged on appeal. *Id.* (citing 42 Pa.C.S.A. § 9781). Furthermore, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Treadway*, --- A.3d ----, 2014 PA Super 256 *2 (Nov. 13, 2014). When an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal; rather, an appellant must petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

> sentence appealed from is not appropriate under the Sentencing
> Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 922 A.2d 162 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Moreover, "when a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Mouzon*, 812 A.2d 617, 624–25 (Pa. 2002) (internal quotations and citations omitted).

In the instant case, Appellant's prior record score was a four. N.T., 09/03/2014, at 4. The offense gravity score ("OGS") for aggravated assault was eleven. 204 Pa.Code § 303.15. The OGS for violation of the uniform firearms act ("VUFA") is nine. *Id.* No further penalties were imposed for the remaining crimes Appellant was found guilty of. The sentencing range for aggravated assault is sixty to seventy-eight months, plus or minus twelve. 204 Pa.Code § 303.16(a). The sentencing range for VUFA is thirty-six to forty-eight months, plus or minus twelve. *Id.* In addition, the sentencing guidelines provide for the imposition of an extended sentence when a deadly weapon is possessed or used in the commission of a crime. 204 Pa.Code § 303.17(a). Based on his prior record score and the OGS of each charge, the Sentencing Guidelines recommend sixty-nine to eighty-seven months for aggravated assault, and forty-five to fifty-seven months for VUFA. *Id.*

Appellant was sentenced to seven to fifteen years incarceration for aggravated assault, and a further five years probation for VUFA, to run consecutively. N.T., 09/03/2014, at 4. The statutory maximum sentence for aggravated assault, which is a felony of the first degree, is 20 years' incarceration. 18 Pa.C.S.A. § 1103. The statutory maximum for VUFA, which is a felony of the second degree, is 10 years. *Id.* Appellant has argued that the trial court abused its discretion by imposing an excessive sentence. However, Appellant could have received a

- 10 -

maximum of 30 years' incarceration for these crimes. This court could have sentenced Appellant to a further 15 to 23 years' incarceration under these circumstances and still been within the statutory limit. Appellant's sentence was therefore within the suggested guidelines as well as the statutory limits.

Given Appellant's past criminal history, record of violence, and the severity of the crime in question, this court determined that the sentence imposed was appropriate. The sentence was not "manifestly excessive" and therefore does not represent an abuse of this court's discretion.

For these reasons, Appellant's third and final claim must also fail.

## Conclusion

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Appellant's request for relief. For the reasons set forth above, the judgment of the trial court should be affirmed.

_____
J.