557 A.2d 421

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Tyrone COOK, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1988.

Filed April 28, 1989.

616

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, McEWEN and POPOVICH, JJ.

CAVANAUGH, Judge:

This direct appeal from judgment of sentence comes before us following a jury conviction of two counts of robbery and one count of carrying firearms on public property.

On July 2, 1987, appellant, Tyrone Cook, was convicted of the aforementioned charges. On July 3, 1987, boilerplate post-verdict motions were filed. Supplemental post-trial motions were filed on October 26, 1987. These motions were denied on February 3, 1988, and appellant was sentenced to an aggregate term of 12½ to 25 years imprisonment. Privately retained counsel, Thomas W. Moore, Esquire, represented Mr. Cook from the inception of the trial through sentencing. Appellant then filed a *pro se* appeal. The Defender Association of Philadelphia was appointed to represent Mr. Cook on this direct appeal.

Appellant presents two claims for our review:

1. Did the trial court err in refusing to declare a mistrial and in giving supplemental instructions to a jury that had twice professed to be deadlocked, where those instructions had the effect of coercing jury members in the minority to surrender their position and join the numerical majority?

2. Was not trial counsel ineffective to the extent that he failed to properly preserve for appellate review the meritorious claims made in Question 1, supra? [1]

After a careful review of these issues and the record, we affirm.

■ At the outset, appellant argues that the lower court gave an erroneous supplemental jury instruction which had the impermissible effect of coercing a minority juror into joining the majority. Following a trial which lasted less than a day and a half, the jury retired to deliberate at 12:08 P.M. on July 1, 1987. (N.T. 7/1/87, p. 45). At 3:55 P.M. on the same date, the jury sent the following note to the trial court:

"Your Honor, Judge Halbert, the jury is hopelessly deadlocked on the following two bills: Bill 1571 Robbery, the victim being Valerie Brown, and Bill 1574 Robbery, the victim Saketha Martin."

(N.T. 7/1/87, p. 48).

The trial court then gave a supplemental jury instruction stating:

Mr. Higgins and Members of the Jury, let me instruct you again—and I know you are working hard and I appreciate the diligence that you have demonstrated—let me again charge you on the manner in which you should deliberate. Let me advise you as to the standards by

---

[1.] Appellant readily admits that the substantive claims raised *sub judice* were not properly preserved for appellate review. We agree.

Trial counsel failed to object to the supplemental jury instructions at trial. He also neglected to preserve this claim in his post-verdict motions; however, there is some question as to whether they were properly filed.

Additionally, although trial counsel moved for a mistrial based on a deadlocked jury, he failed to include this claim in his post-verdict motions. It was, nonetheless, set forth in his supplemental post-verdict motions.

Therefore, these substantive issues are waived. *Commonwealth v. Hawthorne*, 364 Pa.Super. 125, 527 A.2d 559 (1987) appeal denied, 517 Pa. 592, 535 A.2d 81 (1987); Pa.R.App.P. 302(a); Pa.R.Crim.P. 1123(a).

However, as these claims must be analyzed in order to determine if trial counsel's actions were tantamount to ineffectiveness, we will address them seriatim.

which you must be guided as you deliberate. In order to return a verdict each juror must agree, your verdict must be unanimous, a majority vote is not permissible. You as jurors have a duty to consult with one another and to deliberate with a view to reaching a unanimous agreement if it can be done without violence to individual judgment. That is to say, each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with his and her fellow jurors. In the course of such deliberations a juror should not hesitate to re-examine his or her own views and to change his or her opinion if convinced that it is erroneous. But no juror should surrender his or her honest convictions as to the weight, or the effect of the evidence, or as to the guilt or innocence of the defendant, solely because of the opinion of his or her fellow jurors or for the mere purpose of returning a unanimous verdict. In deliberating on your verdict you must not be influenced by anything outside of the evidence presented in this case and the law as given by me.

Mr. Higgins and Members of the Jury, if you will retire again to continue with your deliberations. I thank you and I know that you will continue with the same diligence that you already have displayed. Thank you.

(N.T. 7/1/87, pp. 48–49).

Appellant finds no defect in this instruction. However, the jury deliberations continued until 2:00 P.M. the next day when the following note was sent to the trial court:

"July 2, 1987—2:00 P.M.—Your Honor, Judge Halbert, I am sorry to report that the jury is now hopelessly hung because a juror now refuses to negotiate any further."

(N.T. 7/2/87, p. 5).

The lower court then gave further supplemental instructions, denying defense counsel's motion for mistrial due to a hung jury. This charge encompassed the previous supplemental instructions with several additions including the following paragraph:

Again, Members of the Jury, I have no idea nor do I intend or want to know what juror that the foreman is referring to in this case. But I want to underscore that it would be a violation of your sworn duty. Again, you as jurors have a duty, a duty to consult with one another and to deliberate with a view to reaching a unanimous agreement, if it can be done without violence to individual judgment. Members of the Jury, you may retire to deliberate.

(N.T. 7/2/87, p. 7).

It is this paragraph with which Mr. Cook takes exception.

He argues, "This instruction places the obligation to re-examine positions exclusively on the minority juror, and clearly propels this minority juror to yield to the majority." Appellant contends that such instruction is in contravention of *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (1971). In *Spencer*, our Supreme Court found it improper to instruct a jury that the minority should re-examine its position without requiring the majority to do the same. Appellant also notes, as further evidence of coercion, that the jury returned a guilty verdict 1⅓ hours after the instruction was given.

In reviewing this contention, we are guided by the standard recently set forth by this Court:

Where the grounds alleged as error are statements made by the trial judge in the charge to the jury, our scope of review is limited to a determination of whether the court committed a clear abuse of discretion or an error of law which controlled the outcome of the case.

*Cucchi v. Rollins Protective Services*, 377 Pa.Super. 9, 20, 546 A.2d 1131, 1136 (1988).

Contrary to appellant's contention, the trial court neither committed an error of law nor an abuse of discretion. In fact, the trial court did not instruct the minority juror to yield to the majority. Rather, the court merely reworded the instruction which directed all jurors to consult with one another with a view to reaching a unanimous decision without doing violence to individual judgment. Such a jury

charge is legally correct. This instruction is in conformity with both the American Bar Association Standards for Criminal Justice [2] and the Pennsylvania Bar Institute Standard Jury Instruction.[3] Our Supreme Court recognized the propriety of the ABA Standards in *Spencer,* saying, "We commend these Standards as guidelines for the courts to follow when juries are deadlocked." *Spencer, supra,* 442 Pa. at pp. 337–338, 275 A.2d at pp. 304–305.

2. **Standard 15–4.4. Length of deliberations; deadlocked jury**
   (a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
   (i) that in order to return a verdict, each juror must agree thereto: [sic]
   (ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
   (iii) that each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with the other jurors;
   (iv) that in the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion if the juror is convinced it is erroneous; and
   (v) that no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.
   (b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in paragraph (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.
   (c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement.

3. **7.05 (Crim) ROLE OF JURY—DELIBERATIONS; VERDICT MUST BE UNANIMOUS**

   . . . . .

   (6) Your verdict must be unanimous. This means that in order to return a verdict each of you must agree to it. You have a duty to consult with each other and to deliberate with a view to reaching an agreement, if it can be done without doing any violence to your individual judgment. Each of you must decide the case for him- or herself, but only after there has been impartial consideration with your fellow jurors. In the course of deliberations, each juror should not hesitate to re-examine his or her own views and change his or her opinion if convinced it is erroneous. However, no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors, or for the mere purpose of returning a verdict.

As we find that the lower court's supplemental instruction was an accurate statement of the law, we perceive no abuse of discretion.

■ Appellant next alleges that the trial court committed error in refusing to grant a mistrial after the jury sent a second note asserting that it was deadlocked. Mr. Cook argues that given the simplicity and brevity of this case, which consisted of only 130 pages of testimony, it was error for the court to give a second supplemental charge when the jury had already deliberated for 11½ hours. He maintains that as a result of the court's refusal to grant a mistrial, the minority juror was worn down which had the effect of coercing a verdict. We disagree.

The trial court aptly assessed the situation in its opinion stating:

> The length of time that a jury will be allowed to deliberate is within the discretion of the trial judge. Abuse of that discretion occurs only when it is evident that the ultimate verdict of the jury was the product of coericion [sic], or results from the jury being overworked or fatigued. See *Commonwealth v. Gaitner*, [Gartner] 475 Pa. 512, 381 A.2d 114 (1977). In the present case deliberations took place over a two-day period and totalled 11 hours, with appropriate allowances for meals and other breaks. Also, the jury was not sequestered, but was allowed to return home overnight. Therefore, this jury cannot be viewed as having been overworked or fatigued. Neither can it be said that the Court in any way coerced this jury, nor did the Court single out a particular juror and open that juror up to embarrassment or scorn form [sic] the other jurors, as defense has asserted.

(L.C.O. at pp. 4–5).

As the jury was not overworked, fatigued or coerced, we perceive no error on the part of the lower court.

■ Finally, appellant argues that trial counsel was ineffective for failing to properly preserve the foregoing arguments for appellate review.

In assessing claims of ineffective assistance of counsel, we are bound by the framework laid out in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Pursuant to *Pierce*, the reviewing court must determine that the underlying claim is of arguable merit, the particular course chosen by trial counsel had no reasonable basis designed to effectuate the client's interest and the ineffectiveness worked to prejudice the appellant.

As we have already determined that appellant's substantive claims are meritless, his trial counsel cannot be deemed ineffective for failing to preserve them. *Commonwealth v. Silo*, 509 Pa. 406, 502 A.2d 173 (1985).

Judgment of sentence affirmed.