436 Pa. Superior Ct. 495 (1994)
648 A.2d 331
COMMONWEALTH of Pennsylvania
v.
Edward MOORE, Appellant.
Superior Court of Pennsylvania.
Submitted May 23, 1994.
Filed September 23, 1994.
Petition for Allowance of Appeal Denied January 11, 1995.
*499 James S. Bruno, Philadelphia, for appellant.
Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.
Before TAMILIA, FORD ELLIOTT and MONTGOMERY, JJ.
*500 OPINION PER CURIAM:
Appellant, Edward Moore, was convicted by a jury of involuntary manslaughter and was sentenced to a term of two and one-half to five years imprisonment. Appellant filed a direct appeal. Counsel failed to file a brief and the appeal was dismissed. Thereafter, appellant filed a petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., and his appellate rights were reinstated nunc pro tunc. This direct appeal followed. We affirm.
On appeal, appellant claims that trial counsel was ineffective for: (1) failing to preserve his claim that the evidence is insufficient to sustain his conviction; (2) failing to preserve his claim that the verdict of guilt is against the weight of the evidence; (3) failing to object to the prejudicial remarks made by the Assistant District Attorney during his summation to the jury; and (4) failing to request that the jury be instructed regarding appellant's failure to testify at trial.
On November 28, 1991, Dennis Williams, the decedent, exited Smith's Bar in Philadelphia. Appellant approached the decedent, struck him from behind, and the decedent fell to the ground. The decedent tried to get up, but appellant kicked him in the face. The decedent fell back again, hitting his head on the concrete sidewalk. The decedent died as a result of these injuries.
In general, trial counsel is presumed to be effective and appellant has the burden of proving otherwise. Commonwealth v. Williams, 524 Pa. 218, 570 A.2d 75 (1990). In reviewing ineffectiveness claims, we must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. Commonwealth v. Sherard, 483 Pa. 183, 394 A.2d 971 (1978). If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. Commonwealth v. Lennox, 250 Pa.Super. 80, 378 A.2d 462 (1977). If there is arguable merit to the claim, we will then look to see whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. Commonwealth v. Evans, 489 Pa. 85, 413 A.2d 1025 *501 (1980). Further, there must be a showing that counsel's ineffectiveness prejudiced appellant's case. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).
Appellant first claims that the evidence is insufficient to support his conviction. He contends that trial counsel was ineffective for failing to preserve this issue for appellate review.
In reviewing a sufficiency of the evidence claim, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. Commonwealth v. Rose, 463 Pa. 264, 344 A.2d 824 (1975). A mere conflict in the testimony does not render the evidence insufficient, Commonwealth v. Verdekal, 351 Pa.Super. 412, 506 A.2d 415 (1986), because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence. Commonwealth v. Whitfield, 475 Pa. 297, 380 A.2d 362 (1977).
Involuntary manslaughter is defined as follows:
(a) General rule.  A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.
18 Pa.C.S. § 2504(a).
Thus, the crucial element necessary for a finding of involuntary manslaughter is conduct that is reckless or grossly negligent. Commonwealth v. Stehley, 350 Pa.Super. 311, 504 A.2d 854 (1986).
Viewing the evidence in a light most favorable to the Commonwealth, there is sufficient evidence to sustain appellant's conviction. Appellant approached the decedent from behind and struck him, causing him to fall to the ground. As the decedent tried to get up, appellant kicked him in the face causing him to fall back again with his head striking the concrete sidewalk. This evidence is sufficient to sustain appellant's conviction. See, Commonwealth v. Stehley, 504 A.2d at *502 860, 504 A.2d 854 (Grabbing, pushing or shoving a 62-year-old man over a porch railing so that he hits the ground four feet below head first, is sufficient to support a finding of recklessness or gross negligence).
At trial, defense witness, Leroy Lawton, stated that the decedent pushed appellant and took a swing at him. Appellant punched the decedent once and he fell back hitting his head on the sidewalk.
On appeal, appellant argues that the Commonwealth failed to disprove self-defense beyond a reasonable doubt. This claim necessarily requires a finding that appellant's version of the events in question is more credible than the testimony presented by the Commonwealth at trial. Commonwealth v. Gonzales, 415 Pa.Super. 564, 609 A.2d 1368 (1992). However, the credibility of the self-defense testimony was for the jury which could believe all, some or none of it. Commonwealth v. Ignatavich, 333 Pa.Super. 617, 482 A.2d 1044 (1984); Commonwealth v. London, 461 Pa. 566, 337 A.2d 549 (1975). The jury was properly instructed on the elements of self-defense and the Commonwealth's burden of proof. We will not disturb the jury's determination in this regard. Id. Because this claim is meritless, trial counsel was not ineffective for failing to preserve it. Commonwealth v. Cook, 383 Pa.Super. 615, 557 A.2d 421 (1989).
Appellant next claims that the verdict of guilt is against the weight of the evidence. He again contends that trial counsel was ineffective for failing to preserve this issue for appellate review.
When reviewing a weight of the evidence claim, we look at all of the evidence. Commonwealth v. Sullivan, 372 Pa.Super. 88, 538 A.2d 1363 (1988). In reviewing such a claim, a new trial will not be warranted unless the verdict was so contrary to the evidence as to shock one's sense of justice. Id. Only in this situation is the award of a new trial imperative, so that right may be given an opportunity to prevail. Id.; Commonwealth v. Taylor, 324 Pa.Super. 420, 471 A.2d 1228 (1984); Commonwealth v. Gonce, 320 Pa.Super. 19, 466 A.2d *503 1039 (1983). However, it is not the function of this court to substitute its judgment for that of the jury on the issues of credibility and weight of the evidence. The weight to be accorded conflicting evidence is exclusively for the fact finder and such determinations will not be disturbed if they are supported by the record. Commonwealth v. Hamilton, 376 Pa.Super. 404, 546 A.2d 90 (1988). Only if the evidence is so unreliable or contradictory as to make any verdict based thereon pure conjecture is appellant entitled to a new trial on this basis. Commonwealth v. Maute, 336 Pa.Super. 394, 485 A.2d 1138 (1984).
Appellant contends the verdicts are against the weight of the evidence because of inconsistencies between the evidence presented at trial by the defense and the Commonwealth. Appellant argues that the evidence presented by the defense relating to the facts surrounding the killing was more credible than that presented by the Commonwealth. We are unable to find that the inconsistencies pointed out by appellant create such contradictions as to make the verdicts mere surmise or conjecture. Commonwealth v. Maute, supra. Where evidence is conflicting, the credibility of witnesses is for the fact finder and we will not disturb this determination on appeal. Commonwealth v. Hamilton, supra. Because this claim is meritless, trial counsel was not ineffective for failing to preserve it. Commonwealth v. Cook, supra.
Appellant next claims that trial counsel was ineffective for failing to object to the prejudicial remarks made by the Assistant District Attorney during his summation to the jury. Every objectionable remark does not automatically result in a new trial. Commonwealth v. Jones, 391 Pa.Super. 292, 570 A.2d 1338 (1990). In order to constitute reversible error, the unavoidable effect of the prosecutor's comments must be to prejudice the jury in such a way that a fixed bias and hostility exist toward the defendant, and therefore the jury is not capable of weighing the evidence and rendering a true verdict. Commonwealth v. Simon, 432 Pa. 386, 248 A.2d *504 289 (1968); Commonwealth v. Brawner, 381 Pa.Super. 265, 553 A.2d 458 (1989).
Presently, the complete quote is as follows:
"People talk alot about the system, the system  what is the system; the system does not work; the system does not protect the little man; the system does everything to protect the guilty.
Well today the system is you. Mr. Dennis is a little man. I would ask you to make the system work for him.
When you walked in here a couple days ago and took a look at Edward Moore, you may have looked at him and said, I wonder what he did. Well, you have heard the evidence. You know what he did. The only question left is what are you going to do about it."
Tr. 6/12/92, pp. 336-337.
We have reviewed the prosecutor's entire closing statement and are unable to find that the unavoidable effect prejudiced the jury or caused a fixed bias or hostility towards appellant. Commonwealth v. D'Amato, 514 Pa. 471, 526 A.2d 300 (1987). When taken in the proper context and after review of all the evidence, we cannot hold that the prosecutor's remarks were unfair or prejudicial. Commonwealth v. Johnson, 527 Pa. 118, 588 A.2d 1303 (1991); Commonwealth v. Ferrari, 406 Pa.Super. 12, 593 A.2d 846 (1991). It is clear that the prosecutor was summarizing the evidence and the role of the jury in the proceedings with the oratorical flair permitted during argument. Commonwealth v. Chester, 526 Pa. 578, 587 A.2d 1367 (1991); Commonwealth v. Hamm, 325 Pa.Super. 401, 473 A.2d 128 (1984). Trial counsel is not ineffective for failing to assert meritless claims. Commonwealth v. Smith, 490 Pa. 380, 416 A.2d 986 (1980).
Finally, appellant claims that trial counsel was ineffective for failing to request that the jury be instructed that no inference of guilt could be drawn from his failure to testify at trial. Under the Fifth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, a criminal defendant is entitled to receive a *505 specific "no adverse inference" jury instruction when a timely request is made to the trial court. Commonwealth v. Lewis, 528 Pa. 440, 598 A.2d 975 (1991); Commonwealth v. Howard, ___ Pa. ___, 645 A.2d 1300 (1994). The explicit "no adverse inference" instruction may not be replaced by general preliminary instructions informing the jury that the defendant has no duty to testify. Id.
In the instant case, it is clear that appellant was entitled to have the jury receive a "no adverse inference" instruction. Although the jury was told that appellant had no obligation to testify in the preliminary instructions, trial counsel never requested that the jury receive a "no adverse inference" instruction before retiring to deliberate. Therefore, we find that there is arguable merit to appellant's claim regarding trial counsel's ineffective assistance. Id. However, even if we assume that counsel had no reasonable basis for failing to request this instruction, appellant is precluded from obtaining relief because he has failed to state how he was prejudiced by counsel's omission. Id.; Commonwealth v. Pierce, supra. As a result, this claim of ineffective assistance must fail as well. Commonwealth v. Howard, supra.
Judgment of sentence affirmed.
TAMILIA, J., files a concurring opinion.
TAMILIA, Judge, concurring.
I join the majority Memorandum but respectfully add the following analysis regarding the trial court's failure to give a no-adverse-inference charge when it was not requested by counsel. The trial court adequately covered this aspect of the case in its voir dire to the jury (with two jurors being dismissed for unwillingness to accept the concept) and in subsequent directions and charges throughout the trial. Nevertheless the no-adverse-inference charge must be given at the close of testimony, when specifically requested by counsel, Commonwealth v. Lewis, 528 Pa. 440, 598 A.2d 975 (1991), and it may not be given when specifically waived by counsel, Commonwealth v. Edwards, 535 Pa. 575, 637 A.2d 259 (1993). *506 In either case it is dependent upon trial strategy by counsel whether to request or waive the charge and in neither case when requested is it harmless error to refuse to honor counsel's request. It, therefore, follows that in every case, whether a request was made or not made, new counsel could have an arguable issue as to effectiveness of counsel in selecting the path chosen, which could result in an appeal to this Court. It renders the trial judge powerless to prevent judicial error and to avoid an appeal and/or PCRA petition. In this case the charge was not requested and counsel is alleged by new counsel to have been ineffective for failing to do so. As indicated above, the status of the law is such that counsel could also have been deemed ineffective if the court had given the full charge at the close of the case and counsel had failed to request waiver of the charge.
Since the law places the burden on counsel to determine, according to trial strategy, when to request or waive the charge Commonwealth v. Howard, ___ Pa. ___, 645 A.2d 1300 (1994), whether or not counsel was ineffective (despite the fact it is not harmless error regardless of which tack counsel takes), turns on whether or not the error so prejudiced appellant that justice did not prevail. Fortunately, the quagmire presented by the dual error producing requirements established by Lewis and Edwards has to some degree been mitigated by the most recent pronouncement of the Supreme Court in Howard.
In Howard, counsel requested the no-adverse-inference charge after the case was sent to the jury but before the jury deliberations. While the trial court agreed to give the charge, deliberations began and a verdict was entered before the charge was given. The Supreme Court determined the charge should have been given as it was requested, even though untimely, and that failure to give the charge at the close of the case was not harmless error. The action of counsel in failing to request the charge in a timely fashion was unreasonable and ineffectiveness of counsel could be alleged. It could not be alleged that counsel's strategy, as determined by an objective review of the record, was to waive the charge as he had *507 requested it, although untimely. Nor could it be alleged that by taking the instructions of the court as a whole throughout trial, including during voir dire of the jurors, that the necessity that the charge be given, as required at the completion of the trial, was fulfilled.
Notwithstanding, once the court determines the action of counsel was not reasonable and not harmless error, and counsel was ineffective under Lewis or Edwards, all of the requirements pursuant to Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987), are called into play before counsel's ineffectiveness can result in reversal. Appellate counsel must show, 1) the underlying claim is of arguable merit; 2) the particular course of conduct did not have some reasonable basis designed to effectuate appellant's interests; and 3) counsel's ineffectiveness prejudiced his client.
As discussed above, there is merit to appellant's claim a no-adverse-inference charge was not requested and the conduct did not have some reasonable basis designed to effectuate his interest. The appellant, however, fails in the third prong of the Pierce requirements in that counsel has failed to show actual prejudice, that is that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. Id. at 162, 527 A.2d at 977. According to the Supreme Court in Howard, supra:
This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in Commonwealth v. Story, 476 Pa. [391] at 409, 383 A.2d [155] at 164 [(1978)] (citations omitted), states that "[w]henever there is a `reasonable possibility' that an error `might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the Pierce prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately *508 arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel. Pierce, supra.

Id. at ___, 645 A.2d at 1307-08.
A careful reading of appellants' brief on the issue of the no-adverse-inference charge fails to disclose how in fact appellant was prejudiced by counsel's failure to request the charge. Appellant simply relies on Lewis and its progeny to establish ineffectiveness. In the words of Howard,
Under Pierce and its progeny, a defendant is required to show that counsel's ineffectiveness was of such magnitude that the verdict essentially would have been different absent counsel's alleged ineffectiveness. Appellant has not identified to this Court how he was in fact prejudiced. Nor can we discern from an independent review of the record how Appellant was prejudiced. Therefore, because Appellant has failed to meet the third prong of the Pierce test, this claim must fail.
(Id., at ___, 645 A.2d at 1308.) The posture of the present case is precisely that of Howard, and I agree with the majority that the claim herein, likewise, must fail.
Recently in Commonwealth v. Khamphouseane, 434 Pa.Super. 93, 642 A.2d 490 (1994), this Court held appellant would clearly have been entitled to a "no adverse inference" instruction had one been requested so found it necessary to remand for an evidentiary hearing "to establish whether the failure by counsel to object to the absence of a `no adverse inference' instruction was the result of a strategic decision on counsel's part or merely the result of sloth or ignorance of available alternatives." Id. at 434 Pa.Super. at 111, 642 A.2d at 498. The Khamphouseane panel, however, was without the benefit of Howard and relied entirely on its interpretation of Lewis and Edwards and did not discuss the Pierce rationale which *509 now is required by Howard. Khamphouseane, accordingly, is now of questionable precedential value.
For the above reasons and in compliance with Howard, I agree with the majority's decision to deny the claim of ineffectiveness of counsel in all respects and affirm the judgment of sentence.