J-S46002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :         PENNSYLVANIA
           :
v.          :
           :
           :
CORNELL HURT       :
           :
      Appellant    :   No. 1150 WDA 2023

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009433-2018

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :         PENNSYLVANIA
           :
v.          :
           :
           :
CORNELL HURT       :
           :
      Appellant    :   No. 1151 WDA 2023

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007315-2017

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:       **FILED: May 16, 2025**

Cornell Hurt appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction of one count each of persons not to possess a firearm,[1] possession of a firearm

---

[1] 18 Pa.C.S.A. § 6105.

without a license,[2] and recklessly endangering another person (REAP).[3]  After

careful review, we affirm.[4]

The trial court summarized the facts as follows:

On April 13, 2017, at approximately 9:25 PM, City of Clairton Police Officers [Joseph] Giles and [Jeffrey Veltre, while in the area of the 200 block of Mitchell Avenue,] responded to [the sound of gunshots] and discovered a male lying in front of 261 Mitchell Avenue suffering from gunshot wounds to the neck and lower abdomen.  The officers spoke to the victim, who was identified as Brinton Burke.  When officers asked [] Burke who shot him, he responded several times that [Hurt] was the shooter.  [The two officers] were wearing body cameras and microphones that were activated during their interactions with [] Burke.  Clairton EMS arrived on scene and took [] Burke to UPMC Mercy[,] where he was listed in critical condition.

While the officers secured the scene, a young boy approached and handed Officer [Veltre] a firearm that he found in the vicinity of the shooting scene.  The gun was secured inside of a Clairton police vehicle.

Detective Patrick Kinavey and Allegheny County Mobile Crime Unit Scientist Emily Ashley responded to the scene.  Four spent casings were recovered.  Two of the casings had a head stamp of "CBC 9mm Lager."  The other two casings had a head stamp of "Hornady 9mm Luger."  The gun that Officer [Veltre] recovered was identified as a Walther CCP 9 mm pistol with serial number WK005718.

---

[2] *Id.* § 6106.

[3] *Id.* § 2705.

[4] By order dated August 6, 2018, the Honorable David R. Cashman severed the charge of persons not to possess a firearm on docket CP-02-CR-0009433-2018 from the other charges on docket CP-02-CR-0007315-2017.  On September 21, 2023, Hurt filed two notices of appeal from the judgments of sentence, on the two separate dockets, dated November 7, 2018.  On October 17, 2023, these two appeals were consolidated *sua sponte*.  **See** Order, 10/17/23.

. . .

> On March 4, 2010, [Hurt] pled guilty to sexual assault, a felony of the second degree.  On March 14, 2014, [Hurt] pled guilty to discharging a firearm into an occupied structure, a felony of the third degree.  [Thus, on the day of the shooting, Hurt] was prohibited from possessing a firearm.

Trial Court Opinion, 3/18/24, at 2-3.

On April 14, 2017, Hurt was charged with one count each of criminal attempt (homicide), aggravated assault, persons not to possess firearms, and REAP.  On June 13, 2017, the Commonwealth amended the charges to include one count of carrying a firearm without a license.  By order dated August 6, 2018, Judge Cashman severed the charge of persons not to possess a firearm from the remaining charges.  On August 7, 2018, Hurt appeared for a jury trial before Judge Cashman and the severed charge of persons not to possess a firearm proceeded to a bench trial.  On August 13, 2018, the jury found Hurt guilty of carrying a firearm without a license and REAP and Judge Cashman found Hurt guilty of persons not to possess a firearm.  The jury found Hurt not guilty of the remaining charges.  On November 7, 2018, Judge Cashman imposed an aggregated sentence of 7 to 14 years' incarceration.  Hurt did not file a notice of appeal.

On September 25, 2019, Hurt filed a *pro se* PCRA petition and, upon receiving court-appointed counsel, filed an amended PCRA petition on August 10, 2022.  In his PCRA petition, Hurt requested the court "reinstat[e his] appellate rights from the point of the post-sentencing motions stage." Appellant's Amended PCRA, 8/10/22, at 3-5.  ***See also id.*** at 3 ("Petitioner

requested that Attorney Henderson file post-sentence motions in a timely fashion. Counsel never acted and a direct appeal was never effectuated."). On August 11, 2022, the Commonwealth filed an answer to Hurt's PCRA petition, conceding that Hurt's appellate rights should be reinstated. By order dated July 11, 2023, the Honorable Elliot C. Howsie[5] reinstated Hurt's post-sentence and appellate rights, *nunc pro tunc*. **See** Order, 7/12/23. On July 21, 2023, Hurt filed a post-sentence motion *nunc pro tunc*. On August 22, 2023, Judge Howsie denied Hurt's post-sentence motion. On September 21, 2023, Hurt filed a timely notice of appeal. Both Hurt and the trial court have complied with Pa.R.A.P. 1925. On appeal, Hurt raises the following issues for our review:

> 1. Whether there was insufficient evidence to prove the element that [Hurt] had possession of the firearm for purposes of the persons not to possess charge?
>
> 2. Whether there was insufficient evidence to prove the element that [Hurt] had possession of the firearm for purposes of the carrying a firearm without a license charge?
>
> 3. Whether there was insufficient evidence to prove the element that [Hurt] placed another person in danger of death or serious bodily injury for purposes of the charge of [REAP]?

Appellant's Brief, at 6 (unnecessary capitalization omitted).[6]

---

[5] Following Judge Cashman's retirement, the case was reassigned to Judge Howsie. **See** Trial Court Opinion, 3/18/24, at 2.

[6] On appeal, Hurt argues only that there was insufficient evidence to prove he was in possession of a firearm. Hurt acknowledges that he "was prohibited from possessing a firearm." **See** Appellant's Brief, at 12. Evidence offered at Hurt's jury trial and bench trial established Hurt did not have a license to carry

*(Footnote Continued Next Page)*

This Court's standard of review of a challenge to the sufficiency of the evidence is well-settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the [Commonwealth as the] verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (internal citations omitted). Any question of doubt is for the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007).

Hurt argues that the Commonwealth failed to prove, beyond a reasonable doubt, that he possessed a firearm, which is an element of the statutes governing both persons not to possess and carrying a firearm without

---

a firearm and that he was ineligible to possess a firearm due to his prior convictions. *See* N.T. Jury Trial, 8/7/18, at 185-86; *see id.*, 8/13/18, at 354. Therefore, we do not address the other statutory elements necessary to sustain Hurt's conviction under sections 6105 and 6106.

a license.  **See** 18 Pa.C.S.A. § 6105;[7] **id.** § 6106.[8]  Specifically, Hurt alleges that inconsistent testimony from several Commonwealth witnesses was incorrectly relied upon by the factfinders, leading to his convictions.

Preliminarily, this Court finds that Hurt's issues challenge the weight of the evidence, not the sufficiency of the evidence.  A sufficiency of the evidence review does not include an assessment of the credibility of testimony offered by the Commonwealth.  **Commonwealth v. Wilson**, 825 A.2d 710, 713-14 (Pa. Super. 2003).  Although Hurt's first two issues state that "there was insufficient evidence to prove the element[s of two crimes]," his claims are more properly construed as a challenge to the weight of the evidence where his central argument revolves around inconsistencies in the testimony of several witnesses whom, he asserts, were incorrectly relied on by the factfinders.  **See** Appellant's Brief, at 14-25.

---

[7] The relevant portion of the statute for persons not to possess a firearm is as follows:  "A person who has been convicted of an offense enumerated in [this statute] or whose conduct meets the criteria in [this statute] shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth."  18 Pa.C.S.A. § 6105(a)(1).

[8] The relevant portion of the statute for carrying a firearm without a license is as follows:  "[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree."  18 Pa.C.S.A. § 6106(a)(1).

Specifically, Hurt contends that the testimony of Anita Young, an elderly woman who observed the shooting from her window, was insufficient to properly identify the shooter because Young identified Hurt as the shooter upon her recollection of facial hair, at nighttime, while the shooter was wearing a hood. *See* Appellant's Brief, at 19-20; *see also* N.T. Jury Trial, 8/7/18, at 68-69. This claim attacks Young's credibility, not the sufficiency of evidence as a matter of law. ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa. Super. 2018) (issue as to veracity or accuracy of testimony goes to weight of evidence), citing ***Commonwealth v. Galloway***, 434 A.2d 1220, 1222 (Pa. 1981). Furthermore, Hurt argues that Young's testimony and that of the other eyewitness, Darrah Anderson, contradicted each other and did not provide sufficient evidence to prove he had possession of a firearm. *See* Appellant's Brief, at 22. However, a mere conflict in the testimony of the witnesses does not render the evidence insufficient because "it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." ***Commonwealth v. Moore***, 648 A.2d 331, 333 (Pa. Super. 1994) (citations omitted).

In addition to the civilian witnesses, two police officers testified that during their investigation, the victim, Burke, identified Hurt as the shooter. *See* N.T. Jury Trial, 8/7/18, at 36, 58-59. The jury was also shown body camera footage wherein Burke made this identification. *Id*. at 44-45, 58-59. However, Burke testified at trial that he did not remember who shot him. *Id.* at 145. Once again, Hurt claims that this evidence is insufficient because it

consists of conflicting testimony—a matter that goes to the weight of the evidence, not the sufficiency of evidence. ***See Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency, of evidence).

Although Hurts challenged both the sufficiency and weight of the evidence for all of the charges in his *nunc pro tunc* post-sentence motion, he failed to raise the weight of the evidence claims in his Rule 1925(b) statement and also has not raised the issues in his brief. ***See*** Appellant's Post-Sentence Motion, 7/21/23, at 4; ***see also*** Appellant's Statement of Errors Complained of on Appeal, 1/30/24, at 2; ***see also*** Appellant's Brief, at 6. In order to preserve his claims for appellate review, an appellant must comply whenever the trial court orders him or her to file a Rule 1925(b) statement. Any issues not raised in a 1925(b) statement will be deemed waived on appeal. ***Commonwealth v. Lord***, 719 A.2d 306, 309 (1988); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("issues not included in the Statement and/or not raised in accordance with the provisions of [Rule 1925(b)(4)] are waived"). Therefore, Hurt's challenges to the weight of the evidence have not been properly preserved for appeal and, therefore, we find those issues waived.[9]

---

[9] Nevertheless, even if we did not find his claims waived, we conclude that the evidence, viewed in the light most favorable to Commonwealth, was sufficient to establish that Hurt was in possession of a firearm. Two civilian witnesses provided testimony that they saw Hurt possessing a gun. ***See*** N.T. Jury Trial, *(Footnote Continued Next Page)*

In his final claim, Hurt properly argues a sufficiency of the evidence claim, asserting there was insufficient evidence to prove that he placed another person in danger of death or serious bodily injury for the REAP charge.[10] *See* Appellant's Brief, at 26. Specifically, Hurt argues that the Commonwealth failed to prove beyond a reasonable doubt that he was in possession of the firearm or shot at Burke. *Id.*

Upon review of the record, we disagree. The evidence presented was sufficient to establish the element of possession of the firearm for the two other charges, one of which was tried with the REAP charge. *See* N.T. Jury Trial, 8/7/18, at 36, 44-45, 58-59, 75, 116. Furthermore, there was testimony from both Young and Anderson claiming Hurt shot Burke more than

_____

8/7/18, at 75, 116. Young testified that Hurt's hood fell down, "which made [her] notice his face and his hair on his face" and that after he returned to his car, "he turned around towards [Young] again [a]nd that's when [she] could see his face again." *Id.* at 70. Young further testified that Hurt shot at Burke over his car, which was parked under a streetlight, before standing over Burke and shooting again. *Id.* at 68, 71, 75. Additionally, the second witness, Darrah Anderson, also identified Hurt at the scene of the shooting, testifying that she saw "[Hurt] pointing a gun at [Burke and] . . . he shot him." *Id.* at 116; *see also id.* at 132-133 (Anderson testifying, "When I came out the door or when I opened the door, [Hurt] was pointing a gun at [Burke] and he shot him twice."). In addition to presenting body camera footage wherein Burke identified Hurt as the shooter, two police officers testified to Burke's identification of Hurt as well. *Id.* at 36, 44-45, 58-59. Considering all the evidence admitted at trial and viewing that evidence in the light most favorable to the Commonwealth, the jury reasonably could have found that Hurt was in possession of a firearm.

[10] "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

once. *Id.* at 73, 76-77, 116, 132-133. Burke testified that he was shot three times: once in the hip, once in the neck, and once in the arm. *Id.* at 154. "The act of merely pointing a loaded gun at another has been deemed sufficient to support a conviction for REAP, as has the brandishing of a loaded handgun during the commission of a crime." *Commonwealth v. Hartzell*, 988 A.2d 141, 144 (Pa. Super. 2009) (internal citation omitted). Here, the Commonwealth presented evidence that Hurt discharged a firearm directly at Burke multiple times, including testimony from Young stating that, "[Hurt] went over and stood over top of [Burke] and shot down at him." *See* N.T. Jury Trial, 8/7/18, at 73, 75, 76-77, 116, 132-33. If the act of merely pointing a loaded gun at another or brandishing a loaded handgun during the commission of a crime is enough to support a conviction for REAP, "it is not difficult to conclude that the actual discharging of a weapon numerous times" at a person, especially at close range, satisfies the REAP statute. *Hartzell*, *supra*. Therefore, we find the evidence sufficient to support the REAP conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/16/2025

10 -